UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WRAY L. FURGASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   1:12-cv-00738-RLY-MJD |
| JAMES FURRER, | ) |
| PROTEUS PROS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Wray Furgason ("Furgason") worked as a handyman/technician for Defendants, James Furrer ("Furrer") and Proteus Pros, LLC d/b/a Mr. Handyman ("Mr. Handyman"). During the majority of his employment, Furgason did not receive overtime pay regardless of the number of hours he worked. Furgason brought the present action against Mr. Handyman under the Fair Labor Standards Act ("FLSA") or, in the alternative, the Indiana Minimum Wage Law of 1965 ("IMWL"). Furgason filed his Motion for Partial Summary Judgment asking the court to determine that, as a matter of law, Mr. Handyman and Furrer violated either the FLSA or IMWL. Mr. Handyman and Furrer then filed their Motion for Partial Summary Judgment on the FLSA claims, arguing the FLSA does not apply to them. For the reasons set forth below, Defendants' Motion is **DENIED** as moot, the court retains supplemental jurisdiction, and Plaintiff's Motion is **GRANTED.**

1

**I.     Background.**

Furgason, a resident of Carmel, Indiana, began working for Mr. Handyman in Indianapolis on February 28, 2011. (James Furrer Deposition ("Furrer Dep"). 18-19). Furrer is the owner and manager of Mr. Handyman. (*Id.* at 16). Furgason worked as a technician – he did not supervise anyone or have any managerial authority. (*Id.* at. 38). As a technician, Furgason traveled to homes and businesses to perform repairs and other home improvement services. (*Id.* at. 18-19). Upon hiring Furgason, Furrer informed Furgason that his pay would be $700 per week, which would consist of a 45 hour work week. (*Id.* at 35-36; Furgason Dep. 43).

Furgason was paid $700 per week from March 6, 2011 through October 29, 2011, regardless of the number of hours he worked. (Furrer Dep. 33; Furrer Dep. Ex. 8). Believing it was legal then, but now knowing that it was not, Mr. Handyman incorrectly classified Furgason as a salary paid, overtime exempt employee. (Furrer Dep. 40). On October 30, 2011, Mr. Handyman changed Furgason's salary to a wage of $15 per hour. (Furrer Dep. 34; Furrer Dep. Ex. 9). The payroll records reflect that from the pay period of November 6, 2011 to November 12, 2011, Mr. Handyman paid Furgason $15.00 per hour for fifty (50) "regular" hours. (Furrer Dep. Ex. 9) With the exception of that pay period, the payroll records dated after October 30, 2011, reflected a rate of $22.50 for any hours worked over forty (40). (*Id.*)

Mr. Handyman and Furrer did not use a time clock system to keep track of the time an employee worked. (Furrer Dep. 48-49). According to Furgason, he worked on average 50 - 55 hours per week. (Furgason Dep. 26-27). The available records include a report

from a GPS tracking device that monitored Furgason's work van. Additionally, Furgason completed Service Technician Labor Records (a.k.a. billing sheets) that documented the time he spent at each job. Mr. Handyman submitted a spreadsheet, to which Furgason objects, to detail Furgason's work hours. (Docket # 46-5).

Furrer terminated Furgason's employment with Mr. Handyman on January 27, 2012. Upon termination, Furrer presented Furgason with a Severance Agreement and General Release ("Agreement" or "Waiver"). The Agreement states that for the consideration of a severance payment in the amount of $1,800 Furgason agrees to a general release of all claims against Mr. Handyman including alleged violations of the FLSA and IMWL. (Docket # 46-3).

Furgason brought the present action under the FLSA and IMWL in May 2012. He requests the court grant him the following relief: all wages, overtime compensation, statutory penalties for late payment of wages, liquidated damages, and his attorneys' fees and costs. Before the court is Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Partial Summary Judgment.

## II.     Summary Judgment Standard.

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict

in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment. *Id*. at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87); *see Celotex*, 477 U.S. at 322-24; *see also, Anderson*, 477 U.S. at 249-52.

**III.  Defendants' Motion for Partial Summary Judgment.**

Defendants' move for partial summary judgment on the FLSA claims. They argue that the FLSA does not apply to Mr. Handyman because it did not generate more than $500,000 annually in gross sales and was not engaged in interstate commerce. In response, Furgason stipulated to the application of the IMWL to his claims if the court retains jurisdiction over those claims. As discussed below, the court will retain jurisdiction over the IMWL claim. Thus, Furgason and Defendants are bound to this stipulation, and any dispute regarding whether Mr. Handyman qualifies under the FLSA is now moot. Defendants' motion therefore is **DENIED** as moot.

**IV.  Supplemental Jurisdiction.**

With the FLSA claims no longer pending, the court must decide whether to retain supplemental jurisdiction over the remaining state law claim under the IMWL. A district court may retain supplemental jurisdiction over state law claims even after it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court is given broad discretion in determining whether it is appropriate to retain jurisdiction over the state law claims. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998).

Generally, when a district court dismisses all federal-law claims before trial, the remaining claims should be left to the state courts. This general rule has three well-recognized exceptions where a district court should retain jurisdiction. In determining whether to retain jurisdiction, "[a] district court . . . should make a finding as to the balance of judicial economy, convenience, fairness and comity to justify retention." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). Additionally, a court may retain state-law claims "when substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* at 1251.

In stipulating to the application of the IMWL, Furgason requests that the court maintain supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Furgason argues that remanding the case to state court would be a waste of judicial resources. In support of his request, Furgason notes that his claim has been pending for over a year. In addition, the parties have completed discovery. The court notes that since both motions for summary judgment were filed, the parties have submitted their final witness lists (Docket ## 51,

52), conducted a settlement conference with the magistrate judge (Docket # 53), and have a trial date set for the end of January. Additionally, Mr. Handyman and Furrer did not file a reply objecting to the court's retention of the state law claims.

For these reasons, the court elects to take supplemental jurisdiction over the remaining state law claim under 28 U.S.C. § 1367(c)(3). The court finds that it would be inefficient and a duplication of resources for a state court to start the process over. Judicial economy is best served by the court's retention of the claims arising under the IMWL.

### V. Plaintiff's Motion for Partial Summary Judgment.

#### a. Fair Labor Standards Act Claim.

As indicated above, Furgason has stipulated that the IMWL will apply to his claim rather than the FLSA. This argument is now moot and will not be considered by the court.

#### b. Indiana Minimum Wage Law Claim.

##### i. The Waiver.

Mr. Handyman argues that the claims against it have been waived pursuant to the Agreement entered into between Mr. Handyman and Furgason on February 6, 2012. In the Agreement, Furgason agrees to a general release of all claims against Mr. Handyman including alleged violations of the FLSA and IMWL, in consideration for $1,800 severance pay. (Docket # 46-3). Notwithstanding the Agreement, the court is bound by Indiana law.

The IMWL expressly states, "[n]o contract or agreement between the employee and employer nor any acceptance of a lesser wage by the employee shall be a defense to this action." Ind. Code 22-2-2-9. Therefore, the Agreement entered into between Mr. Handyman and Furgason purporting to waive a potential claim under the IMWL cannot constitute a waiver under the IMWL.

### ii. The Merits.

Furgason argues that Mr. Handyman misclassified him as a salary employee, exempt from overtime. This misclassification resulted in Mr. Handyman's failure to pay Furgason any overtime from March 6, 2011, through October 29, 2011. Furgason argues that he was entitled to overtime wages for the hours worked over forty (40) in a week, which he alleges averages to be ten to fifteen hours per week. The failure of Mr. Handyman to pay this overtime results, according to Furgason, in a violation of the IMWL.

The IMWL states "no employer shall employ an employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed. Ind. Code. 22-2-2-4(k). An employer is defined as

> any individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision during any work week in which they have two (2) or more employees. However, it shall not include any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938 as amended. . . . Ind. Code 22-2-2-3.

7

In determining whether or not Mr. Handyman's actions fall under the IMWL, the court must first determine if Mr. Handyman qualifies as an employer. The court finds that Mr. Handyman is an employer for purposes of IMWL. First, Mr. Handyman is a registered limited liability company. Second, it is undisputed that at all relevant times, Mr. Handyman employed at least two employees. Additionally, the parties have stipulated that the FLSA does not apply to Mr. Handyman. Therefore, Mr. Handyman falls under the definition provided in Indiana Code 22-2-2-3.

The next issue is whether Mr. Handyman complied with the IMWL by paying Furgason time and a half for the number of hours that he worked over forty (40). Paystubs generated by Mr. Handyman, deposition testimony of Furgason, and deposition testimony of Furrer all reveal that Mr. Handyman did not pay Furgason one and a half (1.5) times his normal hourly rate for the hours worked over forty (40) hours in each week.

Mr. Handyman and Furrer argue that Furgason was overpaid considering the alleged hours he did not work but was paid for and the $1,800 severance pay. This argument, however, is more applicable to the damages calculation which is unquestionably disputed and not necessary to resolve at the summary judgment stage. In conclusion, Plaintiff's Motion for Partial Summary Judgment is hereby **GRANTED.**

**VI.   Conclusion.**

Because Plaintiff and Defendants agreed that the Indiana Minimum Wage Law would apply to Plaintiff's claims instead of the Fair Labor Standards Act, Defendants' Motion for Partial Summary Judgment (Docket # 41) is **DENIED** as moot. In order to not waste

judicial resources and promote judicial economy, the court elects to retain supplemental jurisdiction over Furgason's claims arising under the IMWL. The court, finding no issue of material fact, concludes that Plaintiff was not paid the overtime due to him under the IMWL on at least one work week. The court thus finds a violation of the IMWL as a matter of law. Therefore, Plaintiff's Motion for Partial Summary Judgment (Docket # 39) is **GRANTED**. The court does not here decide the damages, if any, owed to Plaintiff.

**SO ORDERED** this 30th day of September 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to registered counsel of record.