UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WRAY L. FURGASON, )
MICHAEL B WHARTON Wage Claim )
Consolidated 1/7/2014, )
 )
                Plaintiffs, )    No. 1:12-cv-00738-MJD-RLY
 )
         vs. )
 )
JAMES FURRER, )
PROTEUS PROS, LLC, )
 )
                Defendants. )

**ENTRY ON PLAINTIFFS' PETITION FOR ATTORNEY'S FEES**

This matter is before the Court on Wray Furgason and Michael Wharton's ("Plaintiffs") Petition for Attorney's Fees and Expenses. [Dkt. 79.] For the following reasons, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

**I. Background**

Plaintiff Furgason filed this suit for unpaid overtime compensation pursuant to the Indiana Minimum Wage Law (IMWL) and the Fair Labor Standards Act (FLSA) in May of 2012. [Dkts. 1, 36.] On summary judgment, the Court ruled that (1) the IMWL, and not the FLSA, apply to Plaintiff Furgason's claims, (2) the Court retains supplemental jurisdiction over the IMWL claims, (3) Plaintiff Furgason at no point waived his right to sue Defendants pursuant to the IMWL, and (4) Plaintiff Furgason was not paid the overtime due to him under the IMWL on at least one work week. [Dkt. 54.] Meanwhile, Plaintiff Wharton also had claims pending before the court for unpaid overtime compensation as well as for retaliatory discharge, which

1

were filed by the same attorney and against the same Defendants. [Cause No. 1:11-cv-01222-TWP-DKL, Dkt. 1.] Pursuant to the summary judgment ruling on Plaintiff Ferguson's claims, the parties stipulated that Plaintiff Wharton was likewise entitled to unpaid overtime compensation pursuant to the IMWL, and the parties consented to consolidate Plaintiff Wharton's overtime claim with that of Plaintiff Ferguson. [Dkt. 79 at 1.]

In January of 2014, the overtime compensation claims were officially consolidated, and all parties consented to the jurisdiction of the Magistrate Judge for the trial on damages regarding Defendants' IMWL violation(s). [Dkts. 59, 64, 65.] The trial began on January 27, 2014, but due to Plaintiff Ferguson's health the trial was continued to April 24, 2014. [Dkt. 68, 73.] The Court issued its findings of fact and conclusions of law in September of 2014, and Plaintiffs' counsel filed this petition for fees and costs two days later, which Defendants did not oppose. [Dkts. 76, 79.] In October of 2014, Defendants retained new counsel, who filed a notice of appeal of the Court's order on summary judgment and of its findings of fact and conclusions of law. [Dkt. 80.] The Court will now address Plaintiffs' petition for attorney's fees and expenses, which remains pending before the District Court.

## II. Discussion

It is the general rule that "[d]istrict courts lose jurisdiction over most motions on the filing of a notice of appeal." *United States v. Hocking*, 841 F.2d 735, 736 (7th Cir. 1988). However, the Seventh Circuit has made it clear that: "district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible." *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980). Thus, the Court may, and in fact must, rule on Plaintiffs' petition for attorney's fees and expenses in spite of Defendants' appeal of the Court's findings of fact and conclusions of law upon which the petition for fees is based.

Pursuant to Indiana's Minimum Wage Law, the statute upon which Plaintiffs prevailed, the court "shall, in addition to any judgment awarded to the plaintiffs, allow recovery of a **reasonable attorney's fee and costs** of the action." Ind. Code 22-2-2-9. A reasonable attorney's fee is calculated by multiplying a reasonable hourly rate against hours reasonably expended in performing the legal work in question. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Although Plaintiffs' motion is unopposed, the Court still has the duty to "eliminate all hours claimed that are either not reasonably expended or inadequately explained" when awarding reasonable attorney's fees and costs. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir. 1987) (internal quotations omitted).

First, a reasonable hourly rate should be "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). One way that an attorney can evidence that his or her hourly rate is "market rate" is by presenting evidence of the rate at which "similarly experienced attorneys in the community charge paying clients for similar work." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). In support of his hourly rate of $300 per hour, Mr. Kondras filed a declaration of local attorney Philip J. Gibbons, Jr., who affirmed that his own hourly rate as a labor and employment attorney has risen from $280 per hour to $350 per hour in the past seven years. [Dkt. 79-4.] Accordingly, the Court finds that Mr. Kondras's hourly rate of $300 per hour is reasonable.

Next, the Court must turn to the issue of whether the number of hours reportedly worked by Mr. Kondras appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with the legal bill. *Spegon*, 175 F.3d at 552. As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request

hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. The Court has reviewed Mr. Kondras's Itemized Billing Statements and finds that Mr. Kondras employed proper "billing judgment" with regard to the preparation of Plaintiff Furgason's statement.

The same facial reasonableness does not apply to Plaintiff Wharton's statement, however, as Mr. Wharton's original case included both this IMWL claim as well as his unrelated retaliation claim. Additionally, even after the unpaid overtime compensation claims were consolidated, the work that Mr. Kondras performed on Plaintiff Wharton's retaliation claim was billed to the same account and is included in the billing statement supplied to the Court for consideration of this petition for fees. [*See* Dkt. 79-3 at 11-12.] Mr. Wharton's retaliation claim proceeded before a different magistrate judge, was tried before a different district judge, and, as indicated by Mr. Kondras, the statute upon which the retaliation claim is based "does not permit an additional recovery of a fee." [Dkt. 79-1 at 1.] Accordingly, it would be entirely unreasonable for Mr. Kondras to recover funds expended on Plaintiff Wharton's retaliation claim. To his credit, Mr. Kondras requests only that half of the total amount of Plaintiff Wharton's billing statement be awarded in order to account for this discrepancy. [*Id.*] However, the Court does not find this solution to be sufficiently reasonable where it is abundantly clear which charges relate to which claims. It is true that, before the unpaid overtime compensation claims were consolidated, it is difficult to discern which expenses apply to which of Plaintiff Wharton's claims, and it is therefore reasonable for Mr. Kondras to recover for half of the hours billed to Plaintiff Wharton's account prior to January of 2014.

The consolidation of Plaintiff Furgason's and Plaintiff Wharton's unpaid overtime compensation claims complicates the matter, however, as Mr. Kondras was billing two separate clients for one case, and billing one client for two separate cases. The Seventh Circuit instructs district courts to closely scrutinize motions for fees where there is a potential for the billing of "duplicative time." *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir. 1989). There are several entries seen in both Plaintiff Furgason and Plaintiff Wharton's billing statements that may initially appear duplicative, but Mr. Kondras has properly marked them as having billed each of the Plaintiffs for only half of the time actual time expended, such as "Portion of Travel to Indianapolis" and "prepare for Damages Trial (1/2)." [Dkt. 79-2 at 7; Dkt. 79-3 at 10-11.] Further, there are entries that could not be duplicative, such as "Telephone conference with client," as the Plaintiffs remain two different clients. [*Id.*] Finally, the Court has reviewed the remaining entries that apply to the consolidated claims and finds that, even though not clarified as a "Portion" or "Half" of the time spent, the entries are reasonable when considered together for both clients. [*See id.* (billing the four hours of "Trial Day #1" as two hours for each client).] Thus, the Court finds that the entries in Plaintiff Wharton's statement dated January 4, 2014 through the "Telephone conference with Steve Sams" dated February 24, 2014 have been properly reported as pertaining to the unpaid overtime compensation claim, and none will be stricken. However, Mr. Kondras, in an effort to save time in parsing out his entries (as discussed below), has asked that half the hours in Mr. Wharton's entries be counted toward his fee sum. Thus, the Court will honor Mr. Kondras's request and award him only half the amount worked for Mr. Wharton's consolidated IMWL claim, including all entries from January 4, 2014 through the first trial date of January 27, 2014 and the entry for the second trial date on April 24, 2014.

Finally, the remaining entries in Plaintiff Wharton's statement clearly apply only to the retaliation claim that was pending before Judge Pratt, and it is therefore unreasonable for Mr. Kondras to recover even half of those amounts. On February 24, 2014, the entry "Draft Motion for Pre-Trial conference with Judge Pratt and Order" begins a string of entries that clearly correlate with proceedings before Magistrate Judge LaRue and Judge Pratt regarding the retaliation claim. [Dkt. 79-3 at 11-12.] Only the entry "Travel to Indianapolis to represent clients on Day Telephone conference with of [sic] Damages Trial (1/2)" dated April 24, 2014 correlates with the IMWL claim, as that is the date of the continued damages trial. [*Id.*] Accordingly, Mr. Kondras purports to recover for half of over $8500 ($4250) that was not spent on work that is eligible for an award of attorney's fees. Although Mr. Kondras likewise cut in half the amount of time he spent solely on Plaintiff Wharton's IMWL claim, those fees only total $4350, meaning that, while relinquishing an award of $2175 perhaps rightfully earned, the total estimated fees is at least $2000 in excess of a reasonable amount. Additionally, the Court notes that certain disbursements that also could not possibly apply to Plaintiff Wharton's IMWL claim have been included in Mr. Kondras's estimation, such as the mileage and parking associated with the attendance of the trial on the retaliation claim before Judge Pratt. [Dkt. 79-3 at 12.] While the Court does not attribute any malicious intent to Mr. Kondras's decision to simplify the calculations, the parties should be reminded that certain stains do not always "come out in the wash," and it is important to take care in the accurate reporting of expenditures to the Court. Therefore, the Court will see to it that Mr. Kondras recovers no amount resulting from the work he completed for Plaintiff Wharton on the unrelated retaliation claim for which there is to be no recovery of attorney's fees.

In addition to moving for attorney's fees, Mr. Kondras also requests that the court award certain "Expenses Not Recovered in Bill of Costs." Specifically, the kinds of expenses billed to Plaintiffs Ferguson and Wharton that were not recovered in the Bill of Costs [Dkt. 78] include mileage, hotel stays, parking, and meals with clients. [*See* Dkt. 79-2 at 8-9, Dkt. 79-3 at 12.] Unfortunately for Mr. Kondras, Indiana's Minimum Wage Law only permits the additional recovery of "a reasonable attorney's **fees and costs** of the action"—there is no mention of expenses. Ind. Code 22-2-2-9 (emphasis added). In Indiana, it is quite clear that the term "costs," without further legislative intend presented, "is used in its ordinary sense and concerns only those usual and ordinary expenses of a trial which are **prescribed by statute to be paid to the court**." *State v. Holder*, 260 Ind. 336, 339 (1973) (emphasis added); *AgMax, Inc. v. Countrymark Co-op., Inc.*, 661 N.E.2d 1259, 1262 (Ind. Ct. App. 1996) ("'[C]osts' is an accepted legal term of art that has been strictly interpreted to include **only filing fees and statutory witness fees**. Thus, in the absence of manifest contrary legislative intent, the term "costs" must be given its accepted meaning which **does not include litigation expenses**"). Mr. Kondras fails to present the Court with any indication that the Indiana Minimum Wage Law's reference to "costs" was intended to include expenses such as hotel stays and mileage, and thus he may not recover for any expenses not recovered in the bill of costs.

Accordingly, in the calculation for attorney's fees, the Court will remove all entries that Mr. Kondras worked for Plaintiff Wharton from February 24, 2014 forward (except for the April 24, 2014 IMWL claim continued trial entry). [Dkt. 79-3 at 11-12.] Thus, instead of calculating half of 172.80 hours at $300 per hour, the Court will calculate half of 144.15 hours at $300 per hour, which totals $21,622.50. [*See* Dkt. 79 at 2.] Additionally, the Court will not, as requested by Mr. Kondras, award any "Expenses Not Recovered in Bill of Costs," as Indiana law does not

7

permit such recovery when the statute limits and additional award to "costs" and not expenses, as does the IMWL. When only the appropriate attorney's fees are added together, the final award comes to $61,042.50.

### III. Conclusion

For the aforementioned reasons, Plaintiffs' Petition for Attorney's Fees and Expenses is **GRANTED** in part and **DENIED** in part. [Dkt. 79.] Plaintiffs' counsel is awarded attorney's fees in the amount of $61,042.50, and no expenses will be awarded.

Date: 11/05/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

S. Andrew Burns
COX SARGEANT & BURNS PC
aburns@coxsargelaw.com

Robert Peter Kondras, Jr.
HUNT HASSLER LORENZ & KONDRAS LLP
kondras@huntlawfirm.net

Steven Sams
STEVEN SAMS, P.C.
stevensamslaw@att.net